## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DAVID BROWN,

|  |  |
|---|---|
| **Plaintiff,** | **DECISION AND ORDER** |
| v. | **07-CV-6347Fe** |

Superintendent
DAVID F. NAPOLI, et al.,

**Defendants.**

### Preliminary Statement

Currently pending before the Court is plaintiff's motion for appointment of counsel. (Docket #3). In his Complaint, plaintiff alleges that from 2006 through June 2007, defendants repeatedly conspired and retaliated against him. Specifically, plaintiff alleges, *inter alia*, that defendants unlawfully restricted his diet on several occasions for weeks at a time, failed to provide him with Kosher meals, and revoked several of his privileges. (Docket #1).

### Discussion

With the instant motion to appoint counsel, plaintiff claims that he does not understand the law well enough to sufficiently litigate his claims. (Docket #3). For the reasons that follow, plaintiff's Motion for Appointment of Counsel is **denied without prejudice to renew.**

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. <u>Sears, Roebuck & Co. v. Charles W.</u>

Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).   An

assignment of counsel is a matter within the judge's discretion.

In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).   "There

is no requirement that an indigent litigant be appointed pro bono

counsel in civil matters, unlike most criminal cases."   Burgos v.

Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).   The factors to be

considered in deciding whether or not to assign counsel were set

forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d

58, 61-62 (2d Cir. 1986):

> [T]he district judge should first
> determine whether the indigent's position
> seems likely to be of substance.   If the
> claim meets this threshold requirement,
> the court should then consider the
> indigent's ability to investigate the
> crucial facts, whether conflicting
> evidence implicating the need for cross-
> examination will be the major proof
> presented to the fact finder, the
> indigent's ability to present the case,
> the complexity of the legal issues and
> any special reason in that case why
> appointment of counsel would be more
> likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that

plaintiff's allegations satisfy the initial threshold showing of

merit.   Federal courts have recognized that prison authorities

must accommodate the rights of prisoners to receive diets

consistent with their religious beliefs.   See Kahane v.

Carlson, 527 F.2d 492, 496 (2d Cir. 1975)(Prison authorities must

provide "a diet sufficient to sustain the prisoner in good health without violating the Jewish dietary laws, without otherwise mandating specific items of diet").   However, having reviewed the complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.  The above captioned matter is in the initial stages of litigation and service of process on all defendants has not yet been effectuated by the Marshal.  Once answers have been filed, the Court will convene a Rule 16 scheduling conference and this Court will explain to the plaintiff the discovery process.   In addition, this Court utilizes a standard Order in prisoner section 1983 claims that relieves the plaintiff of making detailed discovery requests and streamlines the litigation process for the benefit of the inmate. Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this early stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").   Therefore, plaintiff's motion to appoint counsel is **denied without prejudice to renew** after the Rule 16

conference.    In the meantime, plaintiff may consult with pro se

attorneys employed with the Clerk of the Court for questions on

process and procedure.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:      March 24 , 2008
            Rochester, New York